986 F.2d 1422
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Derrick MOWATT, Plaintiff-Appellant,
v.
MILLER, Warden; Myers, Deputy; Trudell, Deputy; Whalen,
Assistant Administrator; R.U.M. King; A.R.U.M. Dihle;
Sandra Watson, R.U.M.; A.R.U.M. Jefferies; R.U.M. Hammond;
Jan Webb, Prisoner Accounting; Lahari, Law Librarian;
Nobles, Mail Room Supervisor; Conway; Barbara Gales,
Defendants-Appellees.
 No. 92-1204.
 United States Court of Appeals, Sixth Circuit.
 Feb. 5, 1993.
 
 Before RYAN and SILER, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Derrick Mowatt is a pro se Michigan prisoner who appeals a district court judgment for the defendants in this civil rights case filed under 42 U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Mowatt raised numerous claims under the First, Sixth and Fourteenth Amendments in his complaint and amended complaint. He also raised pendent state law claims. On January 13, 1992, the district court adopted a magistrate judge's recommendation and entered a summary judgment in favor of the defendants. It is from this judgment that Mowatt now appeals. He has requested pauper status. counsel and transcripts at government expense. assistance or materials. Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985). Thus, to prevail, a prisoner must show that he has actually been denied access to the courts or that he has actually been prejudiced in a lawsuit. Id. Mowatt has not alleged that the defendants prevented him from initiating access to the courts, and he has not linked many of their alleged actions to prejudice that he suffered in any particular lawsuit. Moreover, he has not demonstrated real prejudice in any of the lawsuits that were identified in the affidavit that he submitted in response to the defendants' motion for summary judgment.
 
 
 3
 Mowatt has abandoned most of his remaining claims by failing to raise them in his brief on appeal. See Wright v. Holbrook, 794 F.2d 1152, 1156 and 1157 (6th Cir.1986). However, he still argues that the defendants violated the Fourteenth Amendment when they lost or confiscated his self-help litigation manual and when they applied a twenty dollar money order to a deficit in his prison account. The district court properly entered summary judgment on these claims because there was an adequate state law remedy for the alleged deprivations. See Parratt v. Taylor, 451 U.S. 527, 543-44 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986). Furthermore, we note that the defendants were protected by qualified immunity insofar as the alleged deprivations resulted from established policies and procedures. Mowatt also argues that the defendants retaliated against him for filing various grievances and lawsuits. However, the district court properly awarded judgment to the defendants on this issue because Mowatt's allegations of a retaliatory conspiracy are wholly conclusory. See Smith v. Rose, 760 F.2d 102, 106 (6th Cir.1985).
 
 
 4
 Accordingly, Mowatt's requests for counsel, for transcripts and for pauper status are denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.